# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| **NORMA ROTH**, *et al.*, | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
|     v. | )     No. 1:17-cv-00087-TLS-SLC |
| | ) |
| **MENARD INC.**, *doing business as* Menards, | ) |
| | ) |
|     **Defendant.** | ) |

## OPINION AND ORDER

Before the Court is stipulation filed by Plaintiffs and Defendant, seeking the Court's approval and entry of a proposed protective order agreed to by the parties pursuant to Federal Rule of Civil Procedure 26(c). (DE 14). Because the terms of the proposed protective order are inadequate in several ways, the Court will not enter the proposed order.

Rule 26(c) allows the Court to enter a protective order for good cause shown.[1] *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). A protective order, however, must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v.*

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997-DFH-TAB, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008); *see also Baxter Int'l, Inc. v. Abbot Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." (citations omitted)). Because the stipulation in this case contemplates sealed filings (DE 14 ¶ 8), it requires a higher level of scrutiny.

*Boston Sci. Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same).

Here the proposed order fails to set forth narrow, demarcated categories of legitimately confidential information.  Instead it allows a party to designate material confidential if the party maintains that information is "or contains, trade secret, proprietary information, confidential commercial information, financial and/or personal information, and/or other confidential information . . . ."  (DE 14 ¶ 1).  The Seventh Circuit Court of Appeals has repeatedly held that categories such as "other confidential information" are overly broad and render a protective order invalid.  *See, e.g.*, *Cincinnati Ins. Co.*, 178 F.3d at 945.  In that same vein, the category "proprietary information, confidential commercial information, [and] financial and/or personal information" appear overly broad.

"If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available."  *Cook*, *Inc.*, 206 F.R.D. at 249.  "They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material."  *Id.*  For material to be protected, it "must give the holder an economic *advantage* and threaten a *competitive* injury—business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection."  *Id.* at 248.  Accordingly, "merely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how."  *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (citing *Baxter Int'l, Inc.*, 297 F.3d at 547).

Also, as stated above, the proposed order allows documents that contain Confidential

2

Information to be filed entirely under seal (DE 14 ¶¶ 1, 8), rather than solely protecting the actual Confidential Information through redaction. *See Cincinnati Ins. Co.*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document).

The next problem in the proposed order is paragraph 8's statement that the filing of any Confidential Information with the Court "must be filed under seal by the filing party with the Clerk of Court in [an] envelope marked 'SEALED.'" (DE 14 ¶ 8). Local Rule 5-3(c)(1) states that "[t]o file a sealed document . . . in a civil case, a party must file it electronically as required by the *CM/ECF User Manual*." N.D. Ind. L.R. 5-3(c)(1). Thus, the Local Rules expressly require sealed documents to be filed electronically. The parties shall not file Confidential Information with the Court in sealed envelopes or containers, which would be in contravention of the Local Rules, without express permission from the Court. *See* N.D. Ind. L.R. 1-1(c).

Another problem with the proposed order is that the parties' process for the return and destruction of Confidential Information does not provide an exception for the Court. (DE 14 ¶ 10). The Court does not return any documents that have been made part of the record.

Additionally, the Seventh Circuit has made it clear that a protective order must be "explicit that either party and any interested member of the public can challenge the secreting of particular documents." *Cincinnati Ins. Co.*, 178 F.3d at 946. The instant proposed order, however, does not contain this language. "[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Id.* at 945.

Finally, Paragraph 11 of the proposed order further states that "[t]he parties to this agreement consent to the jurisdiction of this Court over the parties hereto indefinitely respecting any dispute." (DE 14 ¶ 11). The Court, however, is unwilling to enter a protective order that suggests it retain jurisdiction of any kind after resolution of the case. *See E.E.O.C. v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

For these reasons, the Court DENIES the Stipulation and Protective Order (DE 14) without prejudice. The parties may submit a *motion* and attach a revised proposed protective order consistent with the requirements of Rule 26(c) and Seventh Circuit case law.

SO ORDERED.

Entered this 3rd day of January 2018.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge